## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

D. PORTHAULT DESIGN
HOLDINGS LLC,

           Plaintiff,                          Case No. 9:21-cv-4496

-against-

INDIA AMORY LLC                          JURY TRIAL DEMANDED
d/b/a JULIA AMORY,

           Defendant.

---------------------------------------------

## COMPLAINT

Plaintiff, D. Porthault Design Holdings LLC ("D. Porthault"), by and through its undersigned counsel, for its Complaint against Defendant India Amory LLC d/b/a Julia Amory ("Amory") herein, respectfully alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action for willful copyright infringement arising under the United States Copyright Act of 1976 as amended, 17 U.S.C. §§ 101 *et seq*., and for unfair competition. Jurisdiction in this Court over these claims is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

2.      This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has its principal place of business in this district.

3.      Venue is proper here pursuant to 28 U.S.C. § 1400(a) because, upon information and belief, Defendant resides in this district.

## THE PARTIES

4.      Plaintiff D. Porthault is a Florida limited liability company.   D. Porthault's exclusive licensee, D. Porthault USA LLC, sells textile fabrics, including luxury linens.

5.      Upon information and belief, Defendant Amory is a New York limited liability company with its principal offices located at 538 Hill St., Southampton, NY.  Upon information and belief, Defendant has done business as India Amory and currently does business as Julia Amory.

6.      Amory makes textile fabrics including linens, or has them made, and sells them.

7.      Upon information and belief, Amory has sold products from and within this judicial district which infringe D. Porthault's copyright rights and exclusive proprietary rights as set forth below.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8.      D. Porthault is the owner of the copyright rights in the United States of at least seven designs being infringed by Defendant Amory, namely the designs that D. Porthault calls "Coeurs," "Trèfles," "Alizée," "Coquillages," "Jeté de Fleurs," "Fougeres," and "Violettes" (hereinafter collectively, the "Designs").

9.      D. Porthault's exclusive United States licensee, which is also a predecessor-in-interest of the copyrights in the Designs, has been selling well-known luxury linens bearing the Designs since long before Defendant Amory's infringement began.

## The Coeurs Design (#5255)

10.      The "Coeurs" design was created by Plaintiff's predecessor-in-interest and is depicted here:



11.    Products with the "Coeurs" design were first offered for sale by Plaintiff's predecessor-in-interest before 1960.  The "Coeurs" design contains an original, distinctive and unique motif which is copyrightable subject matter under the copyright laws of the United States.

12.    Through a series of transactions, all of the U.S. copyright rights in the "Coeurs" design, along with the right to sue for past and current copyright infringement and collect the resulting damages, are owned by Plaintiff.

13.    Plaintiff has the sole right, title, and interest in and to the "Coeurs" design in the United States and all claims with respect thereto.

14.    The "Coeurs" design was first created and published in France and is not a United States work under 17 U.S.C. § 101 but rather a Berne Convention work.  As such, pursuant to 17 U.S.C. § 411, Plaintiff is not required to register the design with the United States Copyright Office to commence a copyright infringement action.

15.    Plaintiff D. Porthault has otherwise complied with the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq*., and the Berne Convention as incorporated by reference therein.

16.    Since its introduction, the "Coeurs" design has generated an enthusiastic response among both wholesalers and the consuming public, both abroad and in the United States.

17.    The rights of D. Porthault in "Coeurs" are currently valid and subsisting, and were valid and subsisting at all times affecting the matters complained of herein.

**Trèfles Design (#5647)**

18.    The "Trèfles" design was created by Plaintiff's predecessor-in-interest and is depicted here:



19.    The "Trèfles" design contains an original, distinctive and unique motif which is copyrightable subject matter under the copyright laws of the United States.

20.    As a result of a series of transactions, all of the U.S. copyright rights in the "Trèfles" design, along with the right to sue for past and current copyright infringement and collect the resulting damages, are owned by Plaintiff.

21.    Plaintiff has the sole right, title, and interest in and to the "Trèfles" design in the United States and all claims with respect thereto.

22.    The "Trèfles" design was first created and published in France prior to 1960 and is not a United States work under 17 U.S.C. § 101 but rather a Berne Convention work.  As such, pursuant to 17 U.S.C. § 411, D. Porthault is not required to register the design with the United States Copyright Office to commence a copyright infringement action.

23.     D. Porthault has otherwise complied with the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq*., and the Berne Convention as incorporated by reference therein.

24.     Since its introduction, the "Trèfles" design has generated an enthusiastic response among both wholesalers and the consuming public, both abroad and in the United States.

25.     The rights of D. Porthault in the "Trèfles" design are currently valid and subsisting, and were valid and subsisting at all times affecting the matters complained of herein.

**Alizée Design (#5975)**

26.     The "Alizée" design was created by Plaintiff's predecessor-in-interest and is depicted here:



27.     Through a series of transactions, all of the U.S. copyright rights in the "Alizée" design, along with the right to sue for past and current copyright infringement and collect the resulting damages, are owned by Plaintiff.

28.     D. Porthault has the sole right, title, and interest in and to the "Alizée" design in the United States and all claims with respect thereto.

29.     The "Alizée" design contains an original, distinctive and unique motif which is copyrightable subject matter under the copyright laws of the United States.

Page 5

30.     The "Alizée" design was first created and published in France in or about 1990 and is not a United States work under 17 U.S.C. § 101 but rather a Berne Convention work.  As such, pursuant to 17 U.S.C. § 411, D. Porthault is not required to register the design with the United States Copyright Office to commence a copyright infringement action.

31.     D. Porthault has otherwise complied with the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq*., and the Berne Convention as incorporated by reference therein.

32.     Since its introduction, the "Alizée" design has generated an enthusiastic response among both wholesalers and the consuming public, both abroad and in the United States.

33.     The rights of D. Porthault in the "Alizée" design are currently valid and subsisting, and were valid and subsisting at all times affecting the matters complained of herein.

**<u>Coquillages Design (#5717)</u>**

34.     The "Coquillages" design was created by Plaintiff's predecessor-in-interest and is depicted here:



35.     Through a series of transactions, all of the U.S. copyright rights in the "Coquillages" design, along with the right to sue for past and current copyright infringement and collect the resulting damages, are owned by Plaintiff.

36.     D. Porthault has the sole right, title, and interest in and to the "Coquillages" design in the United States and all claims with respect thereto.

37.     The "Coquillages" design contains an original, distinctive and unique motif which is copyrightable subject matter under the copyright laws of the United States.

38.     The "Coquillages" design was first created and published in France and is not a United States work under 17 U.S.C. § 101 but rather a Berne Convention work. As such, pursuant to 17 U.S.C. § 411, D. Porthault is not required to register the design with the United States Copyright Office to commence a copyright infringement action.

39.     D. Porthault has otherwise complied with the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq*., and the Berne Convention as incorporated by reference therein.

40.     Since its introduction, the "Coquillages" design has generated an enthusiastic response among both wholesalers and the consuming public, both abroad and in the United States.

41.     The rights of D. Porthault in the "Coquillages" design are currently valid and subsisting, and were valid and subsisting at all times affecting the matters complained of herein.

### Jeté de Fleurs (#5241)

42.     The "Jeté de Fleurs" design was created by Plaintiff's predecessor-in-interest and is depicted here:

Page 7



43.     Through a series of transactions, all of the U.S. copyright rights in the "Jeté de Fleurs" design, along with the right to sue for past and current copyright infringement and collect the resulting damages, are owned by Plaintiff.

44.     D. Porthault has the sole right, title, and interest in and to the "Jeté de Fleurs" design in the United States and all claims with respect thereto.

45.     The "Jeté de Fleurs" design contains an original, distinctive and unique motif which is copyrightable subject matter under the copyright laws of the United States.

46.     The "Jeté de Fleurs" design was first created and published in France in or about 1967 and is not a United States work under 17 U.S.C. § 101 but rather a Berne Convention work. As such, pursuant to 17 U.S.C. § 411, D. Porthault is not required to register the design with the United States Copyright Office to commence a copyright infringement action.

47.     D. Porthault has otherwise complied with the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq*., and the Berne Convention as incorporated by reference therein.

48.     Since its introduction, the "Jeté de Fleurs" design has generated an enthusiastic response among both wholesalers and the consuming public, both abroad and in the United States.

49.     The rights of D. Porthault in the "Jeté de Fleurs" design are currently valid and subsisting, and were valid and subsisting at all times affecting the matters complained of herein.

**Fougeres (#5533)**

50.     The "Fougeres" design was created by Plaintiff's predecessor-in-interest and is depicted here:



51.     Through a series of transactions, all of the U.S. copyright rights in the "Fougeres" design, along with the right to sue for past and current copyright infringement and collect the resulting damages, are owned by Plaintiff.

52.     D. Porthault has the sole right, title, and interest in and to the "Fougeres" design in the United States and all claims with respect thereto.

53.     The "Fougeres" design contains an original, distinctive and unique motif which is copyrightable subject matter under the copyright laws of the United States.

54.     The "Fougeres" design was first created and published in France and is not a United States work under 17 U.S.C. § 101 but rather a Berne Convention work.  As such, pursuant to 17 U.S.C. § 411, D. Porthault is not required to register the design with the United States Copyright Office to commence a copyright infringement action.

55.     D. Porthault has otherwise complied with the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq.*, and the Berne Convention as incorporated by reference therein.

56.     Since its introduction, the "Fougeres" design has generated an enthusiastic response among both wholesalers and the consuming public, both abroad and in the United States.

57.     The rights of D. Porthault in the "Fougeres" design are currently valid and subsisting, and were valid and subsisting at all times affecting the matters complained of herein.

### **Violettes**

58.     The "Violettes" design was created by Plaintiff's predecessor-in-interest and is depicted here:



59.     Through a series of transactions, all of the U.S. copyright rights in the "Violettes" design, along with the right to sue for past and current copyright infringement and collect the resulting damages, are owned by Plaintiff.

60.     D. Porthault has the sole right, title, and interest in and to the "Violettes" design in the United States and all claims with respect thereto.

61.     The "Violettes" design contains an original, distinctive and unique motif which is copyrightable subject matter under the copyright laws of the United States.

62.     The "Violettes" design was first created and published in France and is not a United States work under 17 U.S.C. § 101 but rather a Berne Convention work.  As such, pursuant to 17 U.S.C. § 411, D. Porthault is not required to register the design with the United States Copyright Office to commence a copyright infringement action.

63.     D. Porthault has otherwise complied with the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq*., and the Berne Convention as incorporated by reference therein.

64.     Since its introduction, the "Violettes" design has generated an enthusiastic response among both wholesalers and the consuming public, both abroad and in the United States.

65.     The rights of D. Porthault in the "Violettes" design are currently valid and subsisting, and were valid and subsisting at all times affecting the matters complained of herein.

### Infringement by Defendant Amory

66.     Defendant Amory had access to the Designs.

67.     As depicted below, Amory has been and is currently selling copies of not just one or two of the Designs, but all seven:



| D. Porthault's Copyrighted Design | Amory's Unauthorized Copy |
|---|---|
| **Treffles** | |
| **Alizee** | |



| D. Porthault's Copyrighted Design | Amory's Unauthorized Copy |
|---|---|
| **Coquillages** | |
| **Jete de Fleurs** | |

| D. Porthault's Copyrighted Design | Amory's Unauthorized Copy |
|---|---|
| **Coeurs** | |





| D. Porthault's Copyrighted Design | Amory's Unauthorized Copy |
|---|---|
| **Fougeres** | |
| **Violettes** | |

68.     That Amory has copied and knocked-off all seven protected designs evidences its intent to infringe Plaintiff's intellectual property rights willfully.

### FIRST CLAIM
### (Copyright Infringement — "Coeurs")

69.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 68 of the Complaint set forth above as if more fully set forth herein.

70.     Upon information and belief, Amory infringed and is infringing D. Porthault's copyright interests in "Coeurs" by copying, reproducing, printing and/or purchasing, selling and offering for sale fabric and/or products bearing a design that is copied from and identical or substantially similar to "Coeurs."

71.     Upon information and belief, Amory has willfully infringed upon D. Porthault's "Coeurs" design and profited thereby by selling and otherwise exploiting the infringing design with full knowledge that the design was copied from and is substantially similar or identical to D. Porthault's "Coeurs" design.

72.     Amory's actions constitute infringement of the "Coeurs" design, in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

73.     The exact amount of damages suffered by D. Porthault resulting from the infringement of its copyright interest in "Coeurs" by Amory cannot currently be ascertained, and the profits which Amory has realized from this infringement are not currently known to D. Porthault. Thus, in accordance with 17 U.S.C. § 504, D. Porthault will advise the Court in the due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

### SECOND CLAIM
### (Copyright Infringement — "Trèfles")

74.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 68 of the Complaint as set forth above.

75.     Upon information and belief, Amory infringed D. Porthault's copyright interests in "Trèfles" by copying, reproducing, printing and/or purchasing, selling and offering for sale fabric and/or products bearing a design that is copied from and identical or substantially similar to "Trèfles."

76.     Upon information and belief, Amory has willfully infringed upon D. Porthault's "Trèfles" design and profited thereby by selling and otherwise exploiting the infringing design with full knowledge that the design was copied from and is substantially similar or identical to D. Porthault's "Trèfles" design.

77.     Amory's actions constitute infringement of the "Trèfles" design, in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

78.     The exact amount of damages suffered by D. Porthault resulting from the infringement of its copyright interest in "Trèfles" by Amory by Amory cannot currently be ascertained, and the profits which Amory has realized from this infringement are not currently known to D. Porthault. Thus, in accordance with 17 U.S.C. § 504, D. Porthault will advise the Court in the due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

**THIRD CLAIM**
**(Copyright Infringement — "Alizée")**

79.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 68 of the Complaint as set forth above.

80.     Upon information and belief, Amory infringed D. Porthault's copyright interests in "Alizée" by copying, reproducing, printing and/or purchasing, selling and offering for sale fabric and/or products bearing a design that is copied from and identical or substantially similar to "Alizée"

81.     Upon information and belief, Amory has willfully infringed upon D. Porthault's "Alizée" design and profited thereby by selling and otherwise exploiting the infringing design with full knowledge that the design was copied from and is substantially similar or identical to D. Porthault's "Alizée" design.

82.     Amory's actions constitute infringement of the "Alizée" design, in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

83.     The exact amount of damages suffered by D. Porthault resulting from the infringement of its copyright interest in "Alizée" by Amory cannot currently be ascertained, and the profits which Amory has realized from this infringement are not currently known to D. Porthault.  Thus, in accordance with 17 U.S.C. § 504, D. Porthault will advise the Court in the due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act

**FOURTH CLAIM**
**(Copyright Infringement — "Coquillages")**

84.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 68 of the Complaint as set forth above.

85.     Upon information and belief, Amory infringed D. Porthault's copyright interests in "Coquillages" by copying, reproducing, printing and/or purchasing, selling and offering for sale fabric and/or products bearing a design that is copied from and identical or substantially similar to "Coquillages."

86.     Upon information and belief, Amory has willfully infringed upon D. Porthault's "Coquillages" design and profited thereby by selling and otherwise exploiting the infringing design with full knowledge that the design was copied from and is substantially similar or identical to D. Porthault's "Coquillages" design.

87.    Amory's actions constitute infringement of the "Coquillages" design, in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

88.    The exact amount of damages suffered by D. Porthault resulting from the infringement of its copyright interest in "Coquillages" by Amory cannot currently be ascertained, and the profits which Amory has realized from this infringement are not currently known to D. Porthault. Thus, in accordance with 17 U.S.C. § 504, D. Porthault will advise the Court in the due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

**FIFTH CLAIM**
**(Copyright Infringement — "Jeté de Fleurs")**

89.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 68 of the Complaint as set forth above.

90.    Upon information and belief, Amory infringed D. Porthault's copyright interests in "Jeté de Fleurs" by copying, reproducing, printing and/or purchasing, selling and offering for sale fabric and/or products bearing a design that is copied from and identical or substantially similar to "Jeté de Fleurs."

91.    Upon information and belief, Amory has willfully infringed upon D. Porthault's "Jeté de Fleurs" design and profited thereby by selling and otherwise exploiting the infringing design with full knowledge that the design was copied from and is substantially similar or identical to D. Porthault's "Jeté de Fleurs" design.

92.    Amory's actions constitute infringement of the "Jeté de Fleurs" design, in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

93.    The exact amount of damages suffered by D. Porthault resulting from the infringement of its copyright interest in "Jeté de Fleurs" by Amory cannot currently be

ascertained, and the profits which Amory has realized from this infringement are not currently known to D. Porthault. Thus, in accordance with 17 U.S.C. § 504, D. Porthault will advise the Court in the due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

**SIXTH CLAIM**
**(Copyright Infringement — "Fougeres")**

94.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 68 of the Complaint as set forth above.

95.     Upon information and belief, Amory infringed D. Porthault's copyright interests in "Fougeres" by copying, reproducing, printing and/or purchasing, selling and offering for sale fabric and/or products bearing a design that is copied from and identical or substantially similar to "Fougeres."

96.     Upon information and belief, Amory has willfully infringed upon D. Porthault's "Fougeres" design and profited thereby by selling and otherwise exploiting the infringing design with full knowledge that the design was copied from and is substantially similar or identical to D. Porthault's "Fougeres" design.

97.     Amory's actions constitute infringement of the "Fougeres" design, in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

98.     The exact amount of damages suffered by D. Porthault resulting from the infringement of its copyright interest in "Fougeres" by Amory cannot currently be ascertained, and the profits which Amory has realized from this infringement are not currently known to D. Porthault. Thus, in accordance with 17 U.S.C. § 504, D. Porthault will advise the Court in the due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

**SEVENTH CLAIM**
**(Copyright Infringement — "Violettes")**

99.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 68 of the Complaint as set forth above.

100.     Upon information and belief, Amory infringed D. Porthault's copyright interests in "Violettes" by copying, reproducing, printing and/or purchasing, selling and offering for sale fabric and/or products bearing a design that is copied from and identical or substantially similar to "Violettes."

101.     Upon information and belief, Amory has willfully infringed upon D. Porthault's "Violettes" design and profited thereby by selling and otherwise exploiting the infringing design with full knowledge that the design was copied from and is substantially similar or identical to D. Porthault's "Violettes" design.

102.     Amory's actions constitute infringement of the "Violettes" design, in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

103.     The exact amount of damages suffered by D. Porthault resulting from the infringement of its copyright interest in "Fougeres" by Amory cannot currently be ascertained, and the profits which Amory has realized from this infringement are not currently known to D. Porthault. Thus, in accordance with 17 U.S.C. § 504, D. Porthault will advise the Court in the due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

**EIGTH CLAIM**
**(Unfair Competition)**

104.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 60 of the Complaint as set forth above.

105.    D. Porthault's predecessors-in-interest and its authorized exclusive licensee D. Porthault USA LLC have spent and continue to spend substantial time, effort and money designing, marketing, selling and promoting high quality textile fabric and products bearing unique designs.

106.    The Designs have come to have a secondary meaning indicative of origin, relationship, sponsorship and association with D. Porthault.

107.    Upon information and belief, Amory has intentionally attempted to deceive its customers and has caused actual consumer confusion, mistake and deception as to the source or its goods by its sale of items bearing designs which are identical or substantially similar to the Designs.

108.    Amory's sale of unauthorized textile fabrics and products bearing infringing designs has impaired will continue to impair the value of all of D. Porthault's rights in the Designs and of D. Porthault's licensee's licensed products and will place the future value and reputation of D. Porthault and the licensed products in the hands of Amory.  Because of Amory's actions, D. Porthault's reputation is and will continue to be dependent upon the uncontrolled and questionable activities and practices of Amory in operating its business and the uncontrolled and questionable quality of its products bearing infringing designs.

109.    Amory's sale of unauthorized textile fabrics also impairs D. Porthault's (and its licensee's) ability to obtain new customers by virtue of its dilution of D. Porthault's reputation as a supplier of products bearing exclusive designs.

110.    By virtue of this passing off by Amory of D. Porthault's Designs as its own and related acts, Amory has engaged in unfair competition.

111.   D. Porthault has suffered irreparable harm and damages as a result of Amory aforesaid acts in an amount to be determined at trial plus punitive damages.

## **Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff   D. Porthault Design Holdings LLC demands judgment as follows:

(i)   that Amory be adjudged to have infringed D. Porthault's copyright interest in each of the Designs, and that such infringement be found to have been willful;

(ii)   that Amory, its officers, agents, servants, employees, customers, sales representatives, attorneys, and any and all persons in active concert or participation with them be permanently enjoined from infringing each of the Designs in any manner and from manufacturing, promoting, importing, selling, marketing or otherwise disposing of any fabric or products imprinted with a design which infringes any of D. Porthault's Designs;

(iii)   that Amory be required to pay, at D. Porthault's election, either (A) such damages that D. Porthault has sustained in consequence of Amory's infringement of D. Portault's copyright rights, as well as all the gains, profits and advantages derived by Amory from said acts and infringement, or (B) the maximum available statutory damages under the Copyright Laws; and

(iv)   that Amory be required to pay to D. Porthault the costs of this action and its reasonable attorneys' fees;

(v)   that Amory, its officers, agents, servants, employees, customers, sales representatives, attorneys, and any and all persons in active concert or participation with them be

permanently enjoined from manufacturing, promoting, importing, selling, marketing, or otherwise

disposing of any fabric or products bearing designs identical or substantially similar to the Designs;

(vi)     that Amory pay to D. Porthault such damages that D. Porthault has sustained

as a consequence of Amory's engaging in unfair competition in an amount to be determined at the

trial of this action; and

(vii)    that D. Porthault be awarded such further relief as the Court deems just and

proper.

Dated:  August 10, 2021

 */s/ Lansing R. Palmer*
Lansing R. Palmer
**AKERMAN LLP**
1251 Avenue of the Americas, 37th Fl.
New York, NY 10020
Tel.: (212) 880-3800
Fax: (212) 880-8965
Primary:  lansing.palmer@akerman.com
Secondary: bria.rios@akerman.com

 */s/ David Brafman*
David Brafman
**AKERMAN LLP**
777 S. Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL  33401-6183
Tel.: (561) 653-5000
Fax: (561) 659-6313
Primary:  david.brafman@akerman.com
Secondary: claudia.rodriguez@akerman.com

*Counsel for Plaintiff D. Porthault Design Holdings LLC*